UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. KERSHNER, | No. 2:18-cv-0717 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Appeals Councils' rejection of new evidence, the Administrative Law Judge's treatment of the medical opinion evidence, and the Administrative Law Judge's treatment of the lay testimony constituted error.

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 13 & 14.)

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

In June of 2014, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on July 26, 2013. (Transcript ("Tr.") at 19, 214-15.) Plaintiff's alleged impairments included bipolar disorder, anxiety, insomnia, mood dysregulation, and depression. (Id. at 237.) Plaintiff's application was denied initially, (id. at 143-47), and upon reconsideration. (Id. at 151-55.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on July 18, 2016. (Id. at 37-117.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 37-44.) In a decision issued on September 19, 2016, the ALJ found that plaintiff was not disabled. (Id. at 27.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity since July 26, 2013, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: affective mood disorder, anxiety disorder, poly-substance abuse/addiction, and bipolar disorder (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels. However, he is limited to simple, routine tasks, with frequent interaction with supervisors and occasional interaction with coworkers and the public.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

////

7. The claimant was born [in] 1985 and was 28 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 26, 2013, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 21-27.)

On February 1, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's September 19, 2016 decision.  (Id. at 1-5.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on April 2, 2018.  (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following three principal claims: (1) the Appeals Council erred by failing to properly consider new evidence; (2) the ALJ's treatment of the medical opinion evidence constituted error; and (3) the ALJ's treatment of the lay testimony constituted error. (Pl.'s MSJ (ECF No. 17) at 5-13.[3])

**I.    New Evidence**

On August 27, 2016, a doctor M. Hah completed a State of California Notice of Certification, certifying plaintiff for "intensive treatment" as a result of plaintiff being a "danger

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

to himself," and "[g]ravely disabled[.]" (Tr. at 469.) The ALJ gave this opinion "no weight," because the issue of disability is "reserved to the Commissioner," and the opinion of a doctor on such an issue "can never be entitled to controlling weight[.]"[4] (Tr. at 25.) That a doctor's opinion on the ultimate issue of disability is not entitled to controlling weight is not a reason to afford the opinion no weight.

"'In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). In this regard, it is well-established that an ALJ may not "simply reject a treating physician's opinions on the ultimate issue of disability." Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014); see also Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012) ("Dr. Johnson's statement that Hill would be 'unlikely' to work full time was not a conclusory statement like those described in 20 C.F.R. § 404.1527(d)(1), but instead an assessment, based on objective medical evidence, of Hill's likelihood of being able to sustain full time employment given the many medical and mental impairments Hill faces and her inability to afford treatment for those conditions.").

Moreover, on September 10, 2016, plaintiff was placed under a 72-hour hold at the Telecare Placer County Psychiatric Health Facility after it was determined that plaintiff was "unable to meet basic needs." (Tr. at 36.) On September 12, 2016, doctor K. Sinari completed a State of California Notice of Certification finding plaintiff "[g]ravely disabled" and certifying plaintiff for "intensive treatment[.]" (Id. at 34.)

The September 10, 2016, and September 12, 2016, evidence was not before the ALJ but was submitted to the Appeals Council. In evaluating plaintiff's notice of appeal, the Appeals Council found that this evidence did "not show a reasonable probability that it would change the outcome of the decision." (Tr. at 2.)

---

[4] Although plaintiff included this argument in the section addressing the Appeals Council's treatment of newly submitted evidence, it seems more consistent with plaintiff's claim that the ALJ's treatment of the medical opinion evidence constituted error.

5

> [W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012); see also Gardner v. Berryhill, 856 F.3d 652, 656 (9th Cir. 2017) ("district court recognized that . . . it had to determine whether the ALJ's finding of nondisability was supported by substantial evidence in the entire record—including any new evidence in the administrative record that the Appeals Council considered—not just the evidence before the ALJ").

Here, the record now includes additional evidence that plaintiff's mental impairment required extensive treatment in addition to the evidence the ALJ erroneously rejected. That evidence directly contradicts the ALJ's conclusion in support of the residual functional capacity determination that plaintiff "has managed to receive adequate treatment for his condition and has sustained adequate functioning without the need for extensive treatment, hospitalizations, or impatient treatment." (Tr. at 25.)

Since the new evidence in the administrative record directly undermines the basis of the ALJ's decision, the court concludes that the Commissioner's decision was not supported by substantial evidence. Accordingly, for the reasons stated above, the court finds that the Commissioner's decision is not supported by substantial evidence, and plaintiff is entitled to summary judgment on this claim.

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[5] Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232

---

[5] Given the ALJ's error, that correction of the error may alter the entirety of the ALJ's opinion, and in light of plaintiff's request that this matter be remanded for further proceedings, the court finds it unnecessary to reach plaintiff's remaining claims of error. See Morales v. Berryhill, 239 F.Supp.3d 1211, 1220 (E.D. Cal. 2017) ("In light of the remand for payment of benefits required by the resolution of the two claims addressed above, the court need not address plaintiff's third claim for relief.").

(9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff asks that this matter be remanded for further proceedings and that request will be granted.  (Pl.'s MSJ (ECF No. 17) at 8.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 20) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated:  September 7, 2020

DLB:6
DB\orders\orders.soc sec\kershner0717.ord

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

7